Kathryn L. Clune (*pro hac vice* pending)
kclune@crowell.com
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Anne Elise Herold Li (*pro hac vice* pending)
ali@crowell.com
Jacob Z. Zambrzycki (CSB No. 289682)
jzambrzycki@crowell.com
Preetha Chakrabarti (*pro hac vice* pending)
pchakrabarti@crowell.com
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

*Attorneys for Plaintiff*
Powerboard, LLC a/k/a
Optimum Trading Company

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| POWERBOARD, LLC a/k/a OPTIMUM TRADING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RAZOR USA LLC, INVENTIST, INC., and SHANE CHEN,<br><br>Defendants. | Case No. 2:16-cv-3749 _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Powerboard, LLC a/k/a Optimum Trading Company ("Plaintiff" or "Powerboard"), as its Complaint against Defendants Razor USA LLC, Inventist, Inc., and Shane Chen (collectively, "Defendants"), alleges as follows, based upon Powerboard's knowledge as to its own activities, and upon information and belief as to the activities of others:

**PARTIES**

1. Plaintiff Powerboard, LLC a/k/a/ Optimum Trading Company is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 9363 E. Bahia Drive Scottsdale, Arizona 85260.

2. On information and belief, Defendant Razor USA LLC ("Razor") is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 12723 166th Street, Cerritos, California 90703.

3. On information and belief, Defendant Inventist, Inc. ("Inventist") is a corporation organized and existing under the laws of Washington, having a principal place of business at 4901 N.W. Camas Meadows Drive, Camas, Washington 98607.

4. On information and belief, Defendant Shane Chen ("Mr. Chen") is the founder, President, and co-owner of Inventist, having a principal place of business at 4901 N.W. Camas Meadows Drive, Camas, Washington 98607.

**JURISDICTION AND VENUE**

5. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, based upon an actual controversy between the parties to declare that the claims of U.S. Patent No. 8,738,278 ("the '278 patent") are invalid.

6. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and/or 2202.

Complaint for Declaratory
Judgment of Patent Invalidity
Case No. _____

7. Razor has a principal place of business at 12723 166th Street, Cerritos, California 90703. Mr. Chen and Inventist have granted an exclusive license on the '278 patent to Razor, which ships, distributes, offers for sale, sells, and/or advertises products in this District, including Hovertrax-branded self-balancing vehicles licensed under the '278 patent. Mr. Chen and Razor have also previously availed themselves of the rights and benefits of California law and this Court by enforcing the '278 patent in actions brought in this judicial district, including *Chen v. Soibatian Corp.*, Case No. 2:15-cv-4562-JAK-JPR (C.D. Cal.) and *Razor USA LLC v. Swagway, LLC*, Case No. 2:15-cv-09209-BRO-FFM (C.D. Cal.). For at least the foregoing reasons, this Court has personal jurisdiction over Defendants.

8. Additionally, Defendants have conducted and do conduct business within the United States and the State of California. Defendants, directly or through intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise products in this District, including the licensed Hovertrax-branded self-balancing vehicles, which are purportedly covered by the '278 patent. By placing products into the stream of commerce through established distribution channels with the awareness and/or intent that they will be purchased by consumers in this District, Defendants have availed themselves of the protection and benefit of the laws of the State of California. Defendants have therefore purposefully availed themselves of the privileges of conducting business in this District.

9. Venue is proper under 28 U.S.C. §§ 1391 and/or 1400.

**FACTUAL BACKGROUND**

10. The '278 patent, entitled "Two-Wheel, Self-Balancing Vehicle with Independently Movable Foot Placement Sections," issued to Mr. Chen on May 27, 2014. A copy of the '278 patent is attached as Exhibit A.

1       11. On information and belief, Mr. Chen purports to be the sole inventor of, and to own all rights, title, and interest in, the '278 patent, subject to certain exclusive license rights granted to Razor and Inventist.

      12. On information and belief, Mr. Chen granted to Inventist a license under the '278 patent to make, have made, use, import, offer for sale and sell products covered by the '278 patent, in the United States.

      13. On information and belief, Mr. Chen and Inventist granted to Razor certain exclusive rights and license under the '278 patent to make, have made, use, import, offer for sale and sell products covered by the '278 patent, in the United States.

      14. On information and belief, Mr. Chen and Inventist retained the right to make, have made, use, import, offer for sale and sell their Hovertrax-branded self-balancing vehicles, which are purportedly covered by the '278 patent, in the United States.

      15. On information and belief, Razor, and Mr. Chen, through his company Inventist, have offered and currently offer for sale Hovertrax-branded self-balancing vehicles, which are purportedly covered by the '278 patent.

      16. Powerboard sells electric self-balancing scooters under the trademarks Powerboard™ by Hoverboard® ("Hoverboard® products").

      17. On March 21, 2016, Defendants filed a complaint with the International Trade Commission ("ITC") requesting that the ITC commence an investigation pursuant to Section 337 of the Tariff Act of 1930, as amended.

      18. In their ITC complaint, Defendants allege that certain motorized self-balancing vehicles, including Powerboard's Hoverboard® products, infringe the '278 patent. Specifically, Defendants allege that Powerboard's Hoverboard® products infringe claims 1-9 of the '278 patent, and seek exclusion orders and cease and desist orders with respect to those products. The ITC has instituted an investigation based on Defendants allegations.

Complaint for Declaratory
Judgment of Patent Invalidity
Case No. _____

19. Powerboard denies that its Hoverboard® products infringe any valid and enforceable claim of the '278 patent.

20. In view of the foregoing, an actual case and controversy exists between Powerboard and Defendants with respect to the '278 patent that is within the scope of this Court's jurisdiction.

## FIRST CLAIM

## Declaratory Judgment of

## Invalidity of U.S. Patent No. 8,738,278

21. Powerboard incorporates by reference and realleges each of the allegations set forth in paragraphs 1-20 of this Complaint.

22. A present, genuine and justiciable controversy exists between Powerboard and Defendants regarding, *inter alia*, the validity of claims 1-9 of the '278 patent.

23. Because Defendants maintain and Powerboard denies that claims 1-9 of the '278 patent are valid and enforceable, a declaration of rights between the parties is both appropriate and necessary.

24. Claims 1-9 of the '278 patent are invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

25. For example, and not by way of limitation, claims 1-9 of the '278 patent are invalid under 35 U.S.C. § 102 and/or 103 as anticipated and/or obvious in view of at least U.S. Patent No. 7,481,291, U.S. Patent No. 7,363,993, U.S. Patent No. 4,354,569, CN101157376A, CN101148184A, and/or in view of the knowledge of one of ordinary skill in the art.

26. By way of further example, and not by way of limitation, claims 1-9 are invalid under 35 U.S.C. § 112 because the limitation "control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor and that drives the second wheel toward self-balancing the second foot placement section in response to position data from the

second foot placement section" fails to inform one of ordinary skill in the art, with reasonable certainty, about the scope of the invention when read in light of the patent and the prosecution history.

27. By way of further example, and not by way of limitation, claims 1-9 of the '278 patent are invalid under 35 U.S.C. § 112 for failing to enable one of ordinary skill in the art to make and use the claimed "control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor and that drives the second wheel toward self-balancing the second foot placement section in response to position data from the second foot placement section" without undue experimentation.

28. By way of further example, and not by way of limitation, claims 1-9 of the '278 patent are invalid under 35 U.S.C. § 112 for failure to meet the written description requirement with respect to at least the limitation "control logic that drives the first wheel toward self-balancing the first foot placement section in response to position data from the first sensor and that drives the second wheel toward self-balancing the second foot placement section in response to position data from the second foot placement section," as the '278 patent does not reasonably convey to one of ordinary skill in the art that the inventor had possession of the claimed subject matter as of the filing date.

29. A declaration that claims 1-9 of the '278 patent are invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112, is appropriate and warranted.

30. Powerboard reserves the right to rely on additional grounds of invalidity under 35 U.S.C. §§ 102, 103, and/or 112, and to identify and produce additional prior art references, as discovery proceeds in this action, and in accordance with the Court's scheduling orders and the local rules.

## PRAYER FOR RELIEF

WHEREFORE, Powerboard respectfully requests the following relief:

a. A judgment entered for Powerboard with respect to all of its claims;

    b.    A judgment denying all relief requested by Defendants, if any;

    c.    A judgment declaring that claims 1-9 of the '278 patent are invalid;

    d.    A judgment declaring that this is an exceptional case under 35 U.S.C. § 285, and awarding Powerboard its reasonable attorney fees, costs, and expenses in this action; and

    e.    Such other further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Powerboard demands a trial by jury on all issues triable to a jury.

Respectfully Submitted,

Dated: May 27, 2016    By: */s/ Jacob Z. Zambrzycki*
Kathryn L. Clune (*pro hac vice* pending)
*kclune@crowell.com*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

Anne Elise Herold Li (*pro hac vice* pending)
*ali@crowell.com*
Jacob Z. Zambrzycki (CSB No. 289682)
*jzambrzycki@crowell.com*
Preetha Chakrabarti (*pro hac vice* pending)
*pchakrabarti@crowell.com*
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2524
Telephone: (212) 223-4000
Facsimile: (212) 223-4134

*Attorneys for Plaintiff*
Powerboard, LLC a/k/a
Optimum Trading Company